**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNIVERSAL MUSIC CORP, et al.,

               Plaintiffs,

vs.                                  Case No.  3:15-cv-1052-J-34JRK

LATITUDE 360 NEVADA, INC., et al.,

               Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

### I.  Status

      This cause is before the Court on Plaintiffs' Motion for Entry of Final Judgment on Defaults, Enjoining Infringing Conduct and Awarding Statutory Damages and Incorporated Memorandum of Law (Doc. No. 20; "Motion"), filed January 25, 2016, that seeks final judgment against Defendants, jointly and severally, for $90,000 in statutory damages pursuant to 17 U.S.C. § 504(c)(1).[2]  See generally Motion.  The Motion was referred to the undersigned upon filing.  Because Defendants have not appeared in this matter or responded to the Motion, the Motion is deemed unopposed.  For the reasons discussed below, the

---

[1]      "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy." Id.  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2]      Although the Motion also states that Plaintiffs seek an injunction, see generally Motion, Plaintiffs have since withdrawn this claim because, according to Plaintiffs, all of the Latitude 360 facilities have been closed, see Plaintiffs' Response to Court's Order on Motion for Default Judgment and Withdrawal of Request for Injunctive Relief (Doc. No. 23), filed April 8, 2016.

undersigned recommends that the Motion be granted.

## II. Background

Plaintiffs initiated this action for copyright infringement pursuant to the United States Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq., by filing a Complaint (Doc. No. 1) on August 25, 2015 against the five Defendants: Latitude 360 Nevada, Inc.; Latitude 360 Jacksonville LLC; Latitude 39 Group LLC; Latitude 360 Indianapolis LLC; and Brent W. Brown.   See generally Compl.   Plaintiffs are all members of the American Society of Composers, Authors and Publishers ("ASCAP").[3]  Id. at 3 ¶ 19.  The Complaint asserts four causes of action, each based on allegations of Defendants' unauthorized public performances of a musical composition owned by one or more Plaintiffs (four compositions total).   See generally id.; Schedule A (Doc. No. 1-1) (attached table of causes of action).  According to the Complaint, these performances occurred on March 21 and 22, 2015 at Latitude 360 Indianapolis, a facility owned and operated by Defendants.  See Compl. at 2-3 ¶¶ 12-13, 15-17; 5 ¶ 29; Schedule A.  Plaintiffs assert that in performing these musical compositions, Defendants ignored ASCAP's numerous warnings regarding the consequences of unauthorized performance of copyrighted songs.  See Compl. at 4 ¶¶ 21-24.

---

[3]      The Complaint briefly explains the arrangement between ASCAP and its members:

Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions.  On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

Compl. at 3 ¶ 20.

On January 7, 2016, Plaintiff filed Returns of Service (Doc. Nos. 8-12) reflecting that Defendants were served with process on December 2, 2015.  Also on January 7, 2016, Plaintiffs sought entry of clerk's defaults due to Defendants' failure to timely respond to the Complaint or otherwise appear, see Application for Entry of Clerk's Default (Doc. No. 13), and the Clerk of Court entered defaults against Defendants on January 8, 2016, see Entries of Default (Doc. Nos. 14-18).  The instant Motion was then filed.

On March 29, 2016, the undersigned took the Motion under advisement, directing Plaintiffs to address the undersigned's concern regarding the claim for injunctive relief.  See Order (Doc. No. 22).  In response, as noted above, Plaintiffs withdrew this claim, indicating that they now seek only a monetary judgment.  See Plaintiffs' Response to Court's Order on Motion for Default Judgment and Withdrawal of Request for Injunctive Relief (Doc. No. 23).

### III.  Applicable Law

Rule 55, Federal Rules of Civil Procedure ("Rule(s)"), provides the requirements for entry of a default judgment.  See Fed. R. Civ. P. 55(b)(2).  A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue."  Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., 803 F.2d 1130, 1134 (11th Cir. 1986).  All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction and that the complaint adequately states a claim for which relief may be granted.  See Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d

-3-

1200, 1206 (5th Cir. 1975);[4] see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (stating that "[a] default judgment cannot stand on a complaint that fails to state a claim") (citations omitted).

## IV.  Discussion

### A.  Jurisdiction

This case is properly within the subject matter jurisdiction of this Court.  See 28 U.S.C. § 1331 (federal question); see also 28 U.S.C. § 1338(a) (providing district courts with original jurisdiction over "any civil action arising under any Act of Congress relating to . . . copyrights . . .").  The undersigned is also satisfied that the Court has personal jurisdiction over Defendants based on the Complaint's allegations that each of the corporate Defendants has its principal place of business in Jacksonville, Florida and that the individual Defendant resides in this District.[5]  See Compl. at 2 ¶¶ 5-8; 3 ¶ 14; Daimler AG v. Bauman, 134 S. Ct. 746, 760 (2014).  The Court must now ensure that Plaintiff has properly stated valid causes of action.

---

[4]  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

[5]  Although Defendants waived venue by defaulting, see Hoffman v. Blaski, 363 U.S. 335, 343 (1960) (stating that a "defendant, properly served with process by a court having subject matter jurisdiction, waives venue by failing seasonably to assert it, or even simply by making default"), the undersigned recognizes that venue is also appropriate here pursuant to 28 U.S.C. § 1400(a) (providing that cases "arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found").

Additionally, the undersigned finds that to the extent required, Plaintiffs have complied with the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521.  On January 7, 2016, Andre Meisel, a process server, filed an Affidavit of Service (Doc. No. 11) containing Mr. Meisel's sworn statement that Defendant Brent W. Brown was asked if he "was in the military service of the State of New York or the United States," and Brown gave "a negative reply."

### B. Causes of Action

A copyright claim requires establishing "1) the originality and authorship of the compositions involved; 2) compliance with the formalities of the Copyright Act to secure a valid copyright; 3) a proprietary right in the copyright at issue; and 4) the defendant's public performance of the copyrighted material, not authorized by the plaintiff or its representative." Quartet Music v. Kissimmee Broad., Inc., 795 F. Supp. 1100, 1102 (M.D. Fla. 1992) (citations omitted).

An attachment to the Complaint, Schedule A (Doc. No. 1-1), sets forth specific information on each of the four musical compositions at issue. Schedule A includes the titles of the musical compositions, the writers, the publisher plaintiff(s), the copyright registration dates and numbers, and the date of infringement. See Schedule A. As to the first element of their copyright infringement claims, Plaintiffs indicate that "[t]he original musical compositions listed in Column 3 were created and written by the persons named in Column 4." Compl. at 4 ¶ 25; see Schedule A. As to the second element, Plaintiffs allege that for each of the four musical compositions, the respective Plaintiffs complied with the requirements of the Copyright Act and that they "secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6." Compl. at 4 ¶ 28; see Schedule A. With respect to the third element, Plaintiffs assert that "Plaintiffs named in Column 2 are the owners of the copyrights in the original musical compositions listed in Column 3." Compl. at 1 ¶ 4 (footnote omitted); see Schedule A.

Lastly, as to the fourth element, Plaintiffs allege that on the dates in Column 7 (March

21 and 22, 2015), as well as at other times before and after these dates, Defendants gave public performances of the respective musical composition in Column 3.  Compl. at 5 ¶ 29; Schedule A.  Plaintiffs assert that the public performances were unauthorized, in that Defendants lacked a license or other permission from Plaintiffs.  Compl. at 5 ¶ 30. Considering these allegations in conjunction with the entire Complaint, the undersigned finds that Plaintiffs have asserted valid claims for copyright infringement.

Although Plaintiffs' allegations specifically concern public performances at Latitude 360 Indianapolis, all Defendants are appropriately held jointly and severally liable in light of the Complaint's allegations that they owned, controlled, and operated the Indianapolis facility, including its public musical performances, and that they financially benefitted from such performances.  See id. at 3 ¶¶ 13, 15-18; S. Bell Tel. & Tel. Co. v. Associated Tel. Directory Publ'rs, 756 F.2d 801, 811 (11th Cir. 1985).

## C. Damages

Because the essential evidence relating to damages is before the Court, the undersigned finds a hearing on damages is unnecessary.  SEC v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).  The Copyright Act provides as follows regarding a copyright owner's right to recover statutory damages for infringement:

> (1) . . . [T]he copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. . . .
> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.

-6-

17 U.S.C. § 504(c).  "[E]vidence that notice had been accorded to the alleged infringer before the specific acts found to have constituted infringement occurred is perhaps the most persuasive evidence of willfulness . . . ."  Chi-Boy Music v. Charlie Club, Inc., 930 F.2d 1224, 1227 (7th Cir. 1991).

A court has great discretion in awarding damages within the statutory limits.  Nintendo of Am., Inc. v. Ketchum, 830 F. Supp. 1443, 1445 (M.D. Fla. 1993) (citing Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 852 (11th Cir. 1990)).  In determining the amount of statutory damages, a court considers "(1) the expenses saved and profits reaped by [the d]efendants in connection with the infringements; (2) the revenues lost by [the p]laintiffs as a result of [the d]efendants' conduct; and (3) the infringers' state of mind—whether willful, knowing, or merely innocent."  Nick-O-Val Music Co. v. P.O.S. Radio, Inc., 656 F. Supp. 826, 829 (M.D. Fla. 1987) (citation omitted).  Courts frequently award statutory damages that are three times the amount of license fees the defendants "saved" by not obeying the Copyright Act.  See, e.g., Int'l Korwin Corp. v. Kowalczyk, 855 F.2d 375, 383 (7th Cir. 1988); BWP Media USA Inc. v. A.R. Commc'ns, LLC, No. 6:14-cv-120-Orl-22KR, 2014 WL 5038590, at *4 (M.D. Fla. Oct. 6, 2014) (unpublished); E Beats Music v. Andrews, 433 F. Supp. 2d 1322, 1327 (M.D. Ga. 2006); Broad. Music, Inc. v. Entm't Complex, Inc., 198 F. Supp. 2d 1291, 1296 (N.D. Ala. 2002).

Here, Plaintiffs seek a total of $90,000 in statutory damages pursuant to 17 U.S.C. § 504(c).  See Motion at 1, 5-9.  This amount, according to Plaintiffs, is approximately three times the cost of the license fees that Defendants avoided paying, and it also accounts for Plaintiffs' investigative expenses of $1,100.  Id. at 5-9; see also Motion Ex. A (Declaration of

-7-

Douglas Jones in Support of Plaintiffs' Motion for Default Judgment; "Declaration") at 7-8.[6] Attached to the Declaration are unsigned license agreements offered to Defendants for the Indianapolis facility, indicating that the annual license fee was $10,840 for 2013, $10,950 for 2014, and $11,130 for 2015.  Declaration at 27, 29, 15.

After considering the file and all relevant factors, the undersigned finds that the requested $90,000 is a fair and appropriate award of statutory damages in this case.  As an initial matter, the undersigned recognizes that this award, which amounts to $22,500 for each of the four established infringements, is within the statutory limits.  See 17 U.S.C. § 504(c). Furthermore, Defendants willfully violated Plaintiffs' rights by continuing to give public performances of compositions owned by Plaintiffs, ignoring ASCAP's more than forty attempts since November 2012 to offer Defendants a license and warn them of the consequences of infringement.  See Compl. at 4 ¶¶ 21-24; Declaration at 5-7.  By failing to obtain an ASCAP license in that time, as Plaintiffs' assert, Defendants "saved" more than $10,000 per year, or more than $30,000 total.  In light of Defendants' willful violations, a statutory damages award of $90,000, less than three times the amount of the license fees, is fair and appropriate.

## V.  Conclusion

Upon review of the Motion and the file, and for the foregoing reasons, the undersigned finds that Plaintiffs have met the requirements for entry of a default judgment against

---

[6]     Mr. Jones states in the Declaration that he is an ASCAP manager of business and legal affairs.  Declaration at 1.
        Citations to the Declaration refer to the page numbers assigned by the Court's Electronic Case Filing System.

Defendants.  Accordingly, it is

**RECOMMENDED THAT**:

1.      Plaintiffs' Motion for Entry of Final Judgment on Defaults, Enjoining Infringing Conduct and Awarding Statutory Damages and Incorporated Memorandum of Law (Doc. No. 20) be **GRANTED in part** and **DENIED as moot in part**.

2.      The Motion be **GRANTED** to the extent that the Clerk of Court be directed to enter judgment in favor of Plaintiffs and against Defendants, jointly and severally, in the amount of $90,000 in statutory damages, along with post-judgment interest pursuant to 28 U.S.C. § 1961.

3.      The Motion be **DENIED as moot** to the extent that it seeks injunctive relief.

4.      The Clerk of Court be further directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on May 4, 2016.


**JAMES R. KLINDT**
United States Magistrate Judge

-9-

clr
Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Latitude 360 Nevada, Inc.
Latitude 39 Group, LLC
Latitude 360 Indianapolis, LLC
Latitude 360 Jacksonville, LLC
Brent W. Brown

46 Lispenard Street #1E
New York, NY 10013

6022 San Jose Blvd, 2nd Floor
Jacksonville, Florida 32217

8367 Baymeadows Way, Ste. 200
Jacksonville, FL 32256